IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JERRY HARDEN,

                          Petitioner,                          OPINION AND ORDER

        v.                                                     21-cv-339-wmc

PETER J. JAEGER, Warden,
Prairie du Chien Correctional Institution,

                          Respondent.

Jerry Harden, presently confined at the Prairie du Chien Correctional Institution, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254, along with several supporting documents.  (Dkt. ##1-4.)  The petition and its attachments are before the court for preliminary screening under Rule 4 of the Rules Governing Section 2254 Cases.  Because it plainly appears from these submissions that Harden is not entitled to relief, the petition will be dismissed.  Rule 4.

Harden is in custody pursuant to 2001 convictions in the Circuit Court for Kenosha County for burglary and attempted burglary, for which he was sentenced to consecutive, indeterminate sentences totaling 25 years.  He alleges that the Department of Corrections has unlawfully extended his sentence beyond his mandatory release and discharge dates by failing to follow its own rules when computing the duration of his sentence.

Federal habeas relief is only available to a person in custody in violation of the United States Constitution or laws or treaties of the United States, *see* 28 U.S.C. § 2254(a); it is not available to remedy errors of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions"). Thus, to the extent Harden seeks release based on the Department of Corrections' failure to follow Wisconsin's rules for computing indeterminate, consecutive sentences, he fails to present a cognizable claim for federal habeas relief. *See, e.g., Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). However, incarceration after the time specified in a sentence has expired presents a possible claim under the Eighth Amendment. *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016); *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006). Construed liberally in Harden's favor, his allegation that state officials have acted arbitrarily and without judgment in computing his release dates states a plausible Eighth Amendment claim.

Nevertheless, the court is dismissing the petition at this time because it appears that Harden has not exhausted his state court remedies, which is a prerequisite to federal habeas relief. 28 U.S.C. § 2254(b)(1). Although Harden purports to have exhausted his claim by filing a motion for sentence modification in the state circuit court and then appealing the denial of that motion to the Wisconsin Court of Appeals and Wisconsin Supreme Court, it appears that he failed in that motion to fairly present any constitutional challenge to the DOC's computation of his release dates. *See State v. Harden*, 2019AP445-CR (Wis. Ct. App. Sept. 30, 2020) (summary disposition) (dkt. #1-2) at 5 ("Harden does not make any coherent argument explaining why the DOC's computation of his parole eligibility, mandatory release, and maximum discharge dates is unconstitutional[.]"). More important, there remains a vehicle available in state court by which Harden *can* present his constitutional challenge: he can file a petition under Wis. Stat. § 782.03 for a writ of

habeas corpus.  *See Jones v. Morgan*, No. 11-CV-936, 2012 WL 663878, at \*2 (E.D. Wis. Feb. 29, 2012) ("Under Wisconsin law, the appropriate vehicle for challenging the computation of a sentence is a petition under Wis. Stat. § 782.03 for a writ of habeas corpus.") (citing *State v. Johnson*, 101 Wis. 2d 698, 703 (Ct. App. 1981)).  Because Harden alleges that his deprivation of liberty is ongoing, he should still be able to petition the state court for release.

Accordingly, the court will dismiss Harden's § 2254 petition for failure to exhaust his state court remedies, without prejudice to Harden refiling it if he fails to obtain relief from the state courts.

ORDER

IT IS ORDERED that the petition of Jerry Harden for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for failure to exhaust his state court remedies.

Entered this 9th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge